IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JOSHUA AARON TROXELL            §

VS.                             §            CIVIL ACTION NO. 1:20cv9

MARK DAVIS                       §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Joshua Aaron Troxell, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Mark Davis. The defendant is the sheriff of Hardin County, Texas. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

On November 19, 2019, plaintiff was confined at the Hardin County Jail. He was punched in the face by another inmate. Plaintiff states he called for an officer to help. The officer transferred plaintiff to another section of the jail where inmates were already having issues with each other. Plaintiff was attacked and punched by inmates in his new section. These inmates also stole plaintiff's property.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint if it determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." "A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Analysis

In order to successfully plead a cause of action in a civil rights case, a plaintiff must assert a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Here, plaintiff does not allege the defendant participated in the alleged acts of misconduct.

As a result, the only way the defendant could be liable for the alleged acts of misconduct is through his status as a supervisory official.  However, under Section 1983 supervisory officials are not responsible for the actions of their subordinates on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  A supervisory official may be held liable only if he implemented a policy that constituted a repudiation of constitutional rights and was the moving force behind the constitutional violation.  *Id*.  Here, plaintiff does not allege the defendant implemented an unconstitutional policy which led to the harm he suffered.  As a result, plaintiff has failed to state a claim upon which relief may be granted.

Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 9th day of May, 2022.

Zack Hawthorn
United States Magistrate Judge

3